Lyons J.
The first objection, made by the appellant’s counsel to the judgment in this case, is, that the bond was not executed by the tenant in possession nor by the owner of the property distrained. The Court are of opinion, that M-Rea cannot be considered as the tenant in possession, the assignment having been made to him without the privity or assent of the lessot. The lessor is not bound thereby, but may still consider the original lessee as his tenant, and there* *73 fore It is sufficient under the law, that the bond was executed by him.
The second objection is to the jurisdiction of the County Court of Dimvidclie. It is true, that at common law a "distress might be levied by any private person authorised by the landlord for that purpose, but it is equally true, that such person so appointed, had no right to sell the property distrained, or to take a replevy bond. The power of selling is giver, by Statutes in England, and by an Act of Assembly in this State, and can only be done by an officer; that is, by one duly qualified as such. And whether that officer be a Sheriff, or a constable, they are bath appointed by the Court; are considered as being persons of credit and of good character ; and by such a person the bond so taken is to be returned. But then the question is, to what Court is the bond to be returned?
The answer is an obvious one, and results from the nature of the case. It should be to that Court to which the officer belongs, of which he is the representative, and whose orders and process he is bound to obey and execute, or to the Court of that county, in which the land lies. This must be a general rule, unless in some special case where the law hath otherwise directed, and which on that account will form an exception. This case comes properly within that rule, though no precept issues from any Court.
Consider what would be the situation of both parties were the law otherwise. If the Sheriff may return the bond to a Court whose officer he is not, he may return it to any Court in the Commonwealth, which might prove as inconvenient to the landlord, as to the tenant. If the bond be delivered to the party, she same reason requires that the motion should be made in the same Court which would have had jurisdiction, in case the Sheriff had returned it according to the rule before mentioned.
The above observations are intended to shew the necessity of confining the return to some particular Court, and is a complete answer to the supposed case of a distress made in a different countv, from that in *74 which the land lies, in which case, the bond should-be returned, either to the Court of the county in which the land lies, or that to which the officer belongs.
Judgment reversed.([1])

(1) Smith v. Ambler, 1 Munf. 596. 598.